UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
JAN 3 1 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-71-GWU

DORTHA MITCHELL, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

INTRODUCTION

Dortha Mitchell brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Mitchell, a 53 year-old former housekeeper and cleaner with a high school education, suffered from impairments related to a history of migraine headaches, hypertension, mild degenerative changes involving the left knee, a history of asthma, a history of non-Q-wave myocardial infarction, major depression, an anxiety disorder, and a history of polysubstance abuse. (Tr. 17, 19). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 25). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 25). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Susan Kehoe included an exertional limitation to light level work along with such non-exertional restrictions as (1) an inability to more than occasionally climb, stoop, bend, crouch, or crawl; (2) a need to avoid exposure to extreme temperatures or humidity; (3) a need to avoid exposure to dust, fumes, smoke, chemicals, or noxious gases; and (4) a "limited but satisfactory" ability to relate to co-workers, to deal with the public, to interact with supervisors, to deal with work stresses, to maintain attention and concentration, to understand, remember and carry out simple or complex instructions, to behave in an emotionally stable manner, to relate predictably in social situations, and to demonstrate reliability. (Tr. 528-529). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 529-530). Therefore, assuming that the vocational factors considered by Kehoe fairly characterized Mitchell's condition, then a finding of disabled status within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Dr. Moez Premji, treated Mitchell at Appalachian Regional Healthcare in February of 2002 for bilateral pneumonia, respiratory distress, congestive heart failure and non-Q-wave myocardial infarction. (Tr. 287). The only restriction noted with regard to the plaintiff's activities upon discharge was a need to quit smoking. (Tr. 288). The physical factors of the hypothetical question were compatible with this opinion. Dr. Jacob Agamasu, an examining consultant, indicated that there were no significant physical findings during his July, 2000 examination. (Tr. 168). Dr. James Ramsey, a non-examining Medical Reviewer, opined in August of 2000 that the claimant's physical problems were "less than severe." (Tr. 177). No other

6

treating or examining source of record, including Dr. Samir Guindi (Tr. 169-175) and the staff at Appalachian Regional Healthcare (Tr. 218-257, 343-367, 460-470) reported the existence of more severe physical restrictions than those presented to Kehoe.[1] Therefore, the ALJ dealt properly with the evidence of record relating to Mitchell's physical condition.

The ALJ also dealt properly with the evidence of record regarding Mitchell's mental status. Psychologist William Rigby examined the plaintiff in June of 2000 and diagnosed dysthymia and polysubstance abuse in remission. (Tr. 164). The only mental limitation indicated by Rigby following this examination was a "fair" ability to deal with work stresses. (Tr. 164). The mental factors of the hypothetical question were fully compatible with this opinion.[2] The staff at Cumberland River Comprehensive Care Center, the claimant's treating source, did not identify specific mental restrictions. (Tr. 123-131, 388-411). However, Dr. E. Eskander, noted in October of 2001 that Mitchell had experienced a favorable response to her medication and recommended vocational rehabilitation. (Tr. 396). Dr. Eskander also noted that she did not appear to be motivated to seek employment. (Tr. 396). These statements by the doctor do not suggest he considered the patient totally disabled. Therefore, these opinions provide substantial evidence to support the administrative decision.

Mitchell argues that the ALJ erred in rejecting the very severe mental

---

[1] The plaintiff was also examined by Dr. Hughes Helm in July, 2002. (Tr. 368-376). However, since Dr. Helm was not properly licensed in Kentucky at this time (Tr. 507), his opinion will not be considered by the Court.

[2] Rigby did not define "fair" in this report. However, "fair' was defined on a July, 2002 assessment completed by the psychologist to mean "ability in this areas is limited but satisfactory." (Tr. 385, emphasis added).

7

restrictions identified by Rigby following a July, 2002 examination. (Tr. 385-386). She initially asserts that the ALJ failed to explain why this opinion was rejected. However, the ALJ did note this opinion (Tr. 19) and clearly indicated that it was rejected because it was based upon a false assumption that the plaintiff had been "clean and sober" since 1994 when treatment records from Appalachian Regional Healthcare revealed that she had tested positive for opiates and phencyclidine in February of 2002 (Tr. 21). Thus, the ALJ cited a very good reason for rejecting this opinion.

Mitchell further asserts that the record contains no contradictory evidence from a treating or examining source with regard to her mental problems and that the ALJ impermissibly relied upon the opinions of the non-examining medical reviewers who did not have the opportunity to see Rigby's July, 2002 report. However, this argument ignores Rigby's June, 2000 report in which far fewer mental limitations were identified and with which the hypothetical question was compatible. Furthermore, Dr. Eskander, the treating physician, also did not indicate the existence of a totally disabling condition. As previously noted, these reports provide strong support for the administrative decision and, so, the claimant's argument must be rejected.

The Court notes that Mitchell submitted additional evidence directly to the Appeals Council which was never seen by the ALJ. (Tr. 473-479). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). The statute provides that a claimant

must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding. <u>Sizemore v. Secretary of Health and Human Services</u>, 865 F.2d 709, 710 (6th Cir. 1988). In the present action, the plaintiff has failed to meet her burden of proof by adducing arguments as to why such a remand is required.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __31__ day of January, 2006.

G. WIX UNTHANK
SENIOR JUDGE